Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 6098 | **DATE** | November 30, 2004 |
| **CASE TITLE** | Larry Martin (B-58252) v. Roger E. Walker Jr., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Plaintiff's motion for leave to file *in forma pauperis* [ 3-1] is granted. The court orders the trust fund officer at plaintiff's current place of incarceration to deduct $ 8.45 from plaintiff's account for payment to the clerk of court as an initial partial filing fee and to make further deductions as stated in the attached Memorandum Opinion and Order. A copy of this order shall be sent to the trust fund officer at Pinckneyville Correctional Center. The court dismisses plaintiff's claim regarding placement on electronic home detention and dismisses defendant Roger E. Walker Jr. The clerk shall issue summonses to defendants Kenneth Briley and John Evans and send plaintiff a Notice of Availability of a Magistrate Judge, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [4-1] is denied.

(11) ■ [For further detail see attached Memorandum Opinion and Order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **DEC 0 1 2004** | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | rbf | 5 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | CLH courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |


LARRY MARTIN, )
)
    Plaintiff, )
)
v. ) No. 04 C 6098
)
ROGER E. WALKER JR., ) Judge Rebecca R. Pallmeyer
KENNETH BRILEY - WARDEN, )
JOHN EVANS - WARDEN, )
in their individual and official )
capacities, )
)
    Defendants. )

### MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner confined at Pinckneyville Correctional Center, has filed a complaint under 42 U.S.C. § 1983 against state correctional officials. He asserts three separate claims: a challenge to the conditions of his release from custody in December 2003; a challenge to the conditions of his confinement at Stateville Correctional Center in March 2004; and a claim that officials at Pinckneyville Correctional Center are indifferent to his medical needs. Because Plaintiff seeks leave to proceed in forma pauperis, the court has performed an initial review of the complaint as required by 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the court will analyze Plaintiff's three claims and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. See Alston v. Debruyn, 13 F.3d 1036, 1039 (7th Cir.1994). The court applies the standard used in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), assuming that petitioner's allegations are true, Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir.2000), and dismissing a claim only if it appears beyond a doubt that there exist no facts to support the allegations. Conley v. Gibson, 355 U.S. 41, 45-46, 80 (1957). With those standards in mind, the court addresses Plaintiff's three claims in turn.



## DISCUSSION

### I. Home Detention

First, Plaintiff alleges that when he was released from custody on December 20, 2003, he was placed on an electronic home detention program for six months after his release date. He claims that this constituted a violation of his constitutional rights because it effectively incarcerated him after his release date and, he asserts, thereby placed him in jeopardy a second time for the same offense.

Plaintiff does not state the crime for which he was convicted or the date of his conviction; from the court's review of the Illinois Department of Corrections website, however, it appears he was convicted on charges of "attempt murder/intent to kill/injure" and sentenced to 16 years in custody. The mittimus number is 96CR1872301, and the court understands this means he was convicted in 1996. In Illinois, the sentence for attempt murder, a Class X felony, includes "as though written therein a term in addition to the term of imprisonment. . . . For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term. . . . (1) for murder or a Class X felony, 3 years[.]" 730 ILCS 5/8-1(d)(1); 720 ILCS 5/8-4(c)(1). Under those provisions, Plaintiff, who was released after serving no more than seven or eight years on a 16-year sentence, thereafter was subject to three years of mandatory supervised release.

Illinois law also provides that "[t]he conditions of parole or mandatory supervised release shall be such as the Prisoner Review Board deems necessary to assist the subject in leading a law-abiding life." 730 ILCS 5/3-3-7 (a). Although electronic home detention is not among the list of conditions, the law gave the Prisoner Review Board broad discretion in determining the conditions of supervised release. The Supreme Court noted in *Board of Pardons v. Allen*, 482 U.S. 369, 378 n.8 (1987), that a state may place conditions on parole release, and further commented in *Pennsylvania Board of Probation and Parole v. Scott*, 524 U.S. 357, 365 (1998), that the states

have "an 'overwhelming interest' in ensuring that a parolee complies with" the conditions of his release. Moreover, the Illinois statute specifically exempts the supervising authority from having to obtain an inmate's consent for electronic home detention in cases of parole or mandatory supervised release. See 730 ILCS § 5/5-8A-5(D). These provisions satisfy the court that under state law, Plaintiff was not entitled to a hearing or any other form of process before electronic detention was imposed. Such detention was only a condition of his release and did not affect the duration of his time on mandatory supervised release. See also Taylor v. Remmers, No. 01 C 5134, 2002 WL 554520 (N.D. Ill. April 12, 2002) (requirement that prisoner be on supervised release did not violate his constitutional rights).

Plaintiff's claim regarding electronic home detention and defendant Roger E. Walker Jr. are accordingly dismissed from this action.

## II. Conditions of Confinement at Stateville

Plaintiff's second claim is that he was placed in an abandoned cell at Stateville Correctional Center from March 6-17, 2004.[1] The cell had no heat or running water, the windows had holes in them, wires were hanging from the ceiling and walls, and plaintiff was furnished with a mattress that was "decomposed with 'lices'." He also was given cold meals. As the Seventh Circuit has explained, "prison officials have a responsibility to provide inmates with a minima of shelter, sanitation and utilities–basic necessities of civilized life." Johnson v. Pelker, 891 F.2d 136, 139 (7th Cir. 1989). The conditions Plaintiff here describes were obviously harsh and unpleasant, but the court is uncertain whether they rise to the level of constitutional violations. In Johnson, for example, an inmate's request for dry clothing and bedding, which was ignored for three days, was not actionable because it was a temporary inconvenience and was not compounded by a

---

[1] The court is uncertain of the circumstances that led Plaintiff to be incarcerated Stateville in March 2004; the fact that Plaintiff was again incarcerated so quickly after his December 2003 release may reflect that, however onerous the home confinement conditions were, they were insufficient to deter him from further unlawful conduct.

3

deprivation of other necessities. Nor is exposed wiring necessarily actionable. In *Morissette v. Peters*, 45 F.3d 1119 (7th Cir. 1995), plaintiff was confined for nine days in a cell in which exposed wiring just inches above his bed resulted in two shocks. The Seventh Circuit called this a "minor hazard that was easily avoided," and an "unpleasant inconvenience," not a violation of his constitutional rights. *Id.* at 1123.

Plaintiff's claims regarding meals are arguably of still less concern. Being served cold meals, even for eleven days, does not implicate the Eighth Amendment. "A well-balanced meal, containing sufficient nutritional value to preserve health, is all that is required [to satisfy constitutional requirements]." *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir.1994) (quotation omitted). Those requirements are met so long as inmates are provided nutritionally adequate food that is prepared and served under conditions which do not present immediate danger to the health or well-being of the inmates who consume it. *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985). *See also Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (that the food occasionally contains foreign objects or is served cold, while unpleasant, does not amount to a constitutional deprivation).

In each of the cases cited here, claims of harsh conditions were dismissed on summary judgment. The standard at this stage is a more generous one, however; the court presumes the truth of Plaintiff's allegations and draws all inferences in his favor. Plaintiff's claims regarding the conditions of his confinement at Stateville survive this generous review, but the court cautions that they may well not survive summary judgment.

### III. Deliberate Indifference to Serious Medical Needs

By March 20, 2004, Plaintiff had been moved to the Pinckneyville Correctional Center. He claims that officials at Pinckneyville have been deliberately indifferent to his serious medical needs. Although Pinckneyville is in the Central District of Illinois, Plaintiff filed his action here and his other

4

claim concerns Stateville, which is in this district. The court accordingly will keep this action in this district at this stage of the litigation.

## CONCLUSION

Plaintiff's second and third claims survive the court's initial review. Because Plaintiff is unable to prepay the filing fee, the court grants his motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $ 8.45 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the correctional facility where Plaintiff is confined is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Fiscal Dept., and shall clearly identify Plaintiff's name and the case number assigned to this action.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff. The United States marshals service is appointed to serve defendants. The court directs the marshal to send the necessary USM-285 forms to plaintiff so that he may provide the information necessary for the marshal to

serve defendants with process. The marshal is authorized to mail a request for waiver of service to defendants in the manner prescribed by FED. R. CIV. P. 4(d)(2) before attempting personal service on defendants.

The clerk shall issue summonses to defendants Kenneth Briley and John Evans forthwith and send Plaintiff a Notice of Availability of a Magistrate Judge and Instructions for Submitting Documents along with a copy of this order.

The court denies Plaintiff's motion for appointment of counsel (Doc No. 4-1) for failure to make a showing that he has made reasonable efforts to retain counsel or was effectively precluded from making such efforts. See Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir. 1995) (citing Jackson v. County of McLean, 953 F.2d 1070, 1072-73 (7th Cir. 1992).

ENTER:

Dated: November 30, 2004

REBECCA R. PALLMEYER
United States District Judge